IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CLARENCE A. BRANCH,

    **Plaintiff,**

v.                                                                          Civil Action No. 3:14CV708

**RONALD C. MACHEN**
**and**
**IRVIN B. NATHAN,**

    **Defendants.**

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff Clarence Branch's Motion for Leave to Proceed *in Forma Pauperis*. (ECF No. 1). Upon due consideration of Branch's affidavit in support of his request and 28 U.S.C. § 1915(a)(1),[1] the Motion is hereby GRANTED. Branch may proceed in this case without payment of the Court's filing fee. The Clerk is DIRECTED to file the Complaint.

---

[1] The statute reads, in pertinent part:

(a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1) (2014).

A.  **Preliminary Review**

This matter is also before the Court for evaluation pursuant to 28 U.S.C. § 1915(e)(2) ("Section 1915(e)(2)").[2] Section 1915(e)(2) "'is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit....'" *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). The Court must *sua sponte* dismiss a claim filed *in forma pauperis* under Section 1915(e)(2) if the action is frivolous or malicious or fails to state a claim upon which relief may be granted. *Michau v. Charleston Cnty, S.C.*, 434 F.3d 725, 728 (4th Cir. 2005); Section 1915(e)(2). Although the word "prisoner" is occasionally used in 28 U.S.C. § 1915, the court must screen any complaint filed by a plaintiff, whether a prisoner or not, when he or she files *in forma pauperis*. *See id.* (affirming the district court's dismissal of non-prisoner's complaint, filed *in forma pauperis*, pursuant to Section 1915(e)(2) because the section "governs [*in forma pauperis*] filings in addition to complaints filed by prisoners").

For the reasons discussed below, the Court finds this action fails to state a claim upon which relief may be granted. The Court will dismiss the complaint without prejudice.

---

[2] The statute reads, in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that: **(A)** the allegation of poverty is untrue; or **(B)** the action or appeal **(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (2014).

2

## B. Standard of Review

Whether a complaint states a claim upon which relief can be granted under Section 1915(e)(2) is determined by the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003); *Sumner v. Tucker*, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (omission in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must assert facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely

"conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

District courts have a duty to construe *pro se* pleadings liberally. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). However, a *pro se* plaintiff must nevertheless allege a cause of action. *Id.* (citing *Sado v. Leland Mem'l Hosp.*, 933 F. Supp. 490, 493 (D. Md. 1996). The Court cannot act as a *pro se* litigant's "advocate and develop, *sua sponte*, statutory and constitutional claims" that the litigant failed to raise on the face of the complaint. *Newkirk v. Circuit Court of the City of Hampton*, No. 3:14cv372-HEH, 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014). To state a cause of action under 42 U.S.C. § 1983,[3] a plaintiff must allege facts indicating he or she was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color

---

[3] The statute provides, in pertinent part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

of state law. *See id.* at *3 (citing *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998)).

### C. <u>Factual Allegations</u>

Branch filed a form entitled "Complaint Under Civil Rights Act 42 U.S.C. § 1983." (ECF No. 1.) He names as defendants Ronald Machen, the United States Attorney for the District of Columbia, and Irvin B. Nathan, the Attorney General for the District of Columbia.[4] (*Id.* at 1–2.) Branch's request for relief asks the Court to "[a]ward monetary damages in the amount of $ undisclosed" and to "[g]rant injunctive relief by Inpersonam [sic]." (*Id.* at 5.) The entire body of the complaint is the following: "Nolle prosequi, citation # PDID 663926 . . . Bail Reform Act – Misd. . . . (Not alleged)." (*Id.* at 4.)

### D. <u>Analysis</u>

Branch's complaint contains deficiencies well beyond any plausibility analysis this Court must undertake. Branch alleges no specific "misconduct" at all, much less any facts allowing the Court to draw a "reasonable inference" that the Defendants would be liable for any misconduct. *See Iqbal*, 556 U.S. at 678. Branch fails to even mention the Defendants in the body of the Complaint. *See Newkirk*, 2014 WL 4072212, *2 (dismissing *pro se* complaint for failure to state a claim when named defendants were not referenced in the body of the complaint) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal

---

[4] On Branch's Motion to Proceed In Forma Pauperis, he titles the case "Clarence A. Branch v. United States of America." (ECF No. 1.) The Court will, however, treat those defendants specifically named in Branch's Complaint as the defendants against whom Branch intends to bring suit.

construction to be given pro se complaints.")). Therefore, even construing this *pro se* complaint liberally, Branch has failed to state a claim against the Defendants.[5]

D.  **Conclusion**

For the foregoing reasons, the Court will dismiss the Complaint without prejudice. (ECF No. 1.) Should Branch desire to file an amended complaint, he will be ordered to do so within fourteen (14) days of the date of entry hereof. Failure to file an amended complaint within fourteen (14) days will result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

An appropriate Order will follow.

/s/
M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: 11/25/14

---

[5] It appears that Branch has filed similar suits in various federal district courts around the country. *See Branch v. United States* et al., No. 4:14cv986 (S.D. Tex. July 18, 2014) (dismissing case for failure to prosecute); *Branch v. United States* et al., No. 1:14cv1322 (N.D. Ga. June 2, 2014) (finding Branch's § 1983 action against the United States, the governor of Georgia, and the "attorney general" frivolous under Section 1915(e)(2)); *Branch v. California*, No. 3:14cv297, at 4 (N.D. Cal. Apr. 25, 2014) (dismissing Branch's action against the State of California, after allowing an amendment of the complaint, for failure to state a claim pursuant to Section 1915(e)(2) when the amended complaint "[did] not identify any claims at all").